```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                  :
ANDREW LIANG
                                  :
    v.                            :   Civil Action No. DKC 18-1933
                                      Criminal No. DKC 11-0501
                                  :
UNITED STATES OF AMERICA
                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion to vacate sentence filed by Petitioner Andrew Liang ("Petitioner") (ECF No. 120).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion will be denied.

**I.   Background**

On September 22, 2011, Petitioner pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  On December 8, 2011, Petitioner was sentenced to 12 months plus one day of imprisonment followed by five years of supervised release.  (ECF No. 48).  Petitioner did not file a direct appeal.  On November 20, 2017, Petitioner admitted violating the conditions of his terms of supervision and was sentenced to two years' imprisonment followed by an additional five years of supervised released.  (ECF No. 108).

On June 26, 2018, Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255.  (ECF No. 120).  The government was directed to respond.  (ECF No. 121).  On September 11, 2018, Petitioner filed a motion to proceed to judgment.  (ECF No. 126).  On September 12, 2018, the government sought and received an extension of time to file its answer (ECF Nos. 127 & 128).  On September 24, 2018, the government filed its response, (ECF No. 129), mooting Petitioner's motion to proceed to judgment.  Petitioner replied on October 15, 2018.  (ECF No. 131).

Petitioner moves to vacate his 2011 sentence on two grounds.  First, he argues that Congress exceeded its constitutional authority in enacting 18 U.S.C. § 2252A(a)(5)(B) and because Congress lacked the authority to create this statute, he has committed no crime, and is "actually innocent."  (ECF No. 131, at 6-7).  Second, he argues that he was "denied the effective assistance of counsel under the Sixth Amendment" because his attorney "fail[ed] to raise these issues during his criminal case, on appeal, or during any supervised released revocation proceedings."  (ECF No. 120, at 32).  The government contends Petitioner's motion must be denied because it is untimely and procedurally defaulted since Petitioner failed to file a direct appeal and can show neither cause and prejudice nor actual innocence.  (ECF No. 129).

2

**II.   Motion to Vacate Sentence**

   **A.   Standard of Review**

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. § 2255(b).

   **B.   Timeliness**

The government argues that Petitioner's motion should be dismissed as time-barred. (*See* ECF No. 129, at 4-5). Pursuant to 28 U.S.C. § 2255(f), a federal prisoner must file a motion to vacate, set aside, or correct his sentence within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant

3

>       was prevented from making a motion by such governmental action;
>
>       (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>       (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As stated above, Mr. Liang pled guilty and was sentenced on December 8, 2011. (*See* ECF No. 48). Accordingly, his conviction became final fourteen days later on December 22, 2011.[1] His § 2255 petition was not filed until June 26, 2018-more than *six* years after his conviction became final. He has not alleged that the government prevented him from filing his § 2255 Motion, that any facts supporting his claims could not have been discovered through the exercise of due diligence, or that he faced any impediments to filing his motion that would satisfy sections 2255(f)(2) or (4). Likewise, the Supreme Court has not recently recognized any right that would satisfy section 2255(f)(3).

---

[1] *See Clay v. United States*, 537 U.S. 522, 532 (2003) (stating that a conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to appeal expires); *see also* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . entry of [] the judgment[.]").

4

Mr. Liang argues in his reply that the one-year statute of limitations does not apply to his petition because he is claiming "actual innocence" which, "if prove[n], serves as a gateway through which a petitioner may pass [notwithstanding] expiration of the statute of limitations." (ECF No. 131, at 7) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). This argument fails, however, because Mr. Liang misunderstands that "[a]ctual innocence means factual innocence, not mere legal insufficiency." *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Mr. Liang does not argue that he did not *commit* the offense specified in § 2252A(a)(5)(B). He merely states that, in his opinion, the offense that he pled guilty to *should not be considered* a crime because Congress supposedly exceeded the bounds of its constitutional authority in enacting it. (*See* ECF No. 131, at 6-7) ("[T]he act of Congress the petitioner was prosecuted [under] by the [government] is unconstitutional and, therefore, is no crime, which establishes his actual innocence."). Contrary to Petitioner's assertion, this is not a true "actual innocence" claim. An actual innocence claim requires new reliable evidence "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[A] petitioner does not meet the threshold requirement unless he

persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.,* at 329. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.*, at 315-17.  Because Mr. Liang has neither presented any new evidence nor made any showing that he is actually innocent, *i.e.*, factually innocent, his § 2255 petition remains subject to the one-year statute of limitations.

Petitioner is not entitled to equitable tolling of the statute of limitations.  The United States Court of Appeals for the Fourth Circuit has made clear that equitable tolling is available only in rare instances. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).  "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *Id*. (citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc), cert. denied, 541 U.S. 905 (2004)).  Petitioner has not presented any evidence that he was unable to file his § 2255 petition within the statute of limitations nor asserted that any "extraordinary circumstances" existed.  Accordingly, his petition is untimely and is barred by the statute of limitations.

### III. Conclusion

For the foregoing reasons, the motion to vacate sentence filed by Petitioner Andrew Liang will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

After review of the record, it is clear that Petitioner does not satisfy the above standard. Accordingly, a certificate of appealability will not issue. A separate order will follow.

                                                 /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge